Filed 2/2/15  P. v. Hickman CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JOE DENNIS HICKMAN,<br><br>        Defendant and Appellant. | B258193<br><br>(Los Angeles County<br>Super. Ct. No. MA054466-02) |

        APPEAL from the judgment of the Superior Court of Los Angeles County,

Daviann L. Mitchell, Judge.  Affirmed.

        California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under

appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

Defendant Joe Dennis Hickman appeals following a judgment entered after his no contest plea. He pled no contest to voluntary manslaughter (Penal Code,[1] § 192, subd. (a)), and five counts of felony child abuse (§ 273a, subd. (a)). Defendant also admitted that he inflicted great bodily injury during the commission of each of the five child abuse offenses. (§ 12022.7, subd. (d)). Consistent with the plea agreement, the trial court sentenced him to a total of 26 years. Defendant's appointed counsel filed a brief in which no issues were raised. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was notified of his right to file a supplemental brief but has not done so. We affirm the judgment.

## DISCUSSION

The testimony at the preliminary hearing established the following. Defendant lived with his girlfriend. She was the mother of his child and several other children. One of the girlfriend's children, Deshawn Z., died after he was beaten by defendant and his girlfriend. Defendant admitted to the police that he and his girlfriend hit the child with a yellow tube or stick on the day the child died. The defendant and his girlfriend also admitted to the police that each had hit the child in the past. Defendant specifically admitted to punching Deshawn Z. in the face with his fist. At the time of his death, the child was 18 months old, weighed 23 pounds, and was poorly nourished. The medical examiner testified the child died as a result of traumatic injuries, dehydration, and "intravascular sickling due to the sickle cell trait."

At the conclusion of the preliminary hearing, defendant was held to answer for murder (§ 187(a)), felony assault resulting in the death of a child (§ 273ab), and felony child abuse (§ 273a). Defendant's subsequent motion to set aside the information under section 995 was denied.

Through his bar-appointed counsel, defendant engaged in plea negotiations and a deal was reached. Under the terms of the agreement, the prosecution amended the information to add one count of voluntary manslaughter (§ 192, subd. (a)), and five

---

[1]     All further references are to the Penal Code.

2

counts of felony child abuse (§ 273a, subd. (a)).  The information was also amended to add a sentencing enhancement, infliction of great bodily injury during the commission of each of the five child abuse offenses.  (§ 12022.7, subd. (d)).  On May 27, 2014, defendant pled no contest to the newly added counts and admitted the great bodily injury allegations.  Sentencing was continued for several months.

On August 12, 2014, the court sentenced defendant to a total of 26 years in state prison.  This was calculated as follows:  the 11-year upper-term on the manslaughter count; and one-third the mid-term of four years, for a term of 16 months, on each of the five child abuse counts, plus an additional one-third the mid-term of five years, for a term of 20 months, for the enhancement allegations, to run consecutively.  Defendant waived his presentence credits earned to the date of the plea.  Accordingly, he received total credits of 89 days on the day he was sentenced.  The remaining counts were dismissed.

Section 1237.5 generally precludes an appeal from a judgment of conviction after a plea of no contest or guilty unless the defendant has applied for, and the trial court has granted, a certificate of probable cause.  There are two exceptions:  (1) a challenge to a search and seizure ruling, as to which an appeal is proper under section 1538.5, subdivision (m); and (2) post-plea sentencing issues.  *(People v. Shelton* (2006) 37 Cal.4th 759, 766.)  Here, defendant appealed without a certificate of probable cause and did not file a motion to suppress.  Therefore, our review is of the post-plea record.  It shows defendant was ably represented by counsel, the court fully advised defendant in taking his no contest plea, sentenced defendant in accordance with the stipulated disposition, properly ordered custody credits, and imposed the required fines and fees.

## DISPOSITION

The judgment is affirmed.


### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


LAVIN, J.[*]

WE CONCUR:



EDMON, P. J.



KITCHING, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.